UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN WILLIAMS,

Plaintiff,

-against-

THE UNITED STATES OF AMERICA, et al.,

Defendants.

1:26-CV-2517 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Laquan Williams, who is currently held as a federal pretrial detainee in the Hudson County Correctional Facility ("HCCF"), in Kearny, New Jersey, brings this *pro se* action seeking damages and asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claims under the Federal Tort Claims Act ("FTCA"), and what appear to be claims under state law. He sues: (1) the United States of America; (2) the Federal Bureau of Prisons ("BOP"); (3) Warden Hinkle of the federal Metropolitan Detention Center located in Brooklyn, New York ("MDC Brooklyn"); (4) unidentified "John Doe BOP Designation Officials 1-3"; (5) the City of New York; (6) unidentified "John Doe NYPD Detectives 1-5"; and (7) unidentified "John Doe FBI Special Agents 1-5." The Court understands Plaintiff's complaint as asserting claims against the United States of America and the BOP under the FTCA, claims against Warden Hinkle and the individual unidentified "John Doe" BOP and Federal Bureau of Investigation ("FBI") officials under *Bivens*, and claims under Section 1983 and state law against the City of New York and the individual unidentified New York City Police Department ("NYPD") officials. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The applicable venue provision for Plaintiff's claims under *Bivens*, Section 1983, and state law is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

With respect to claims under the FTCA, they must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

The City of New York resides in both this judicial district and in the Eastern District of New York.[1] *See* 28 U.S.C. § 112(b), (c). Plaintiff does not allege, however, where Warden Hinkle or any of the other individual unidentified BOP, FBI, or NYPD-official defendants reside. Thus,

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island): (4) Nassau; and (5) Suffolk. *See* 28 U.S.C. § 112(c).

it is unclear whether, under Section 1391(b)(1), this court is a proper venue for Plaintiff's claims under *Bivens*, Section 1983, and state law.

Plaintiff does allege, however, that a significant portion, if not all, of the alleged events that are the basis for his claims occurred in Queens County, and in Brooklyn, in Kings County (ECF 1, and 2-4), which are within the Eastern District of New York, *see* § 112(c); it is unclear whether any of the alleged events took place within this judicial district. Thus, while it is clear that, under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for Plaintiff's claims under *Bivens*, Section 1983, and state law, it is unclear that this court is a proper venue for such claims.

With respect to Plaintiff's claims against the United States of America and the BOP under the FTCA, Plaintiff is unclear as to where he resides; in his complaint, even though he filed it while he has been held in the HCCF, in Kearny, New Jersey, he states that he is "a United States citizen, formerly residing in New York, currently detained at . . . [MDC Brooklyn]."[2] (ECF 1, at 2.) Thus, it is unclear whether this court is a proper venue for Plaintiff's claims under the FTCA. Because the alleged events that are the basis for his claims under the FTCA occurred in Queens and in Kings Counties, within the Eastern District of New York, *see* § 112(c), however, it is clear that the United States District Court for the Eastern District of New York is a proper venue for those claims.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following

---

[2] Plaintiff does not state where in New York State he resides or formerly resided.

ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transferring this action to the United States District Court for the Eastern District of New York, under Section 1404(a), appears to be appropriate because: (1) the underlying alleged events occurred within the Eastern District of New York (ECF 1, at 2-4); and (2) it is reasonable to expect that relevant documents and witnesses would be located there. The United States District Court for the Eastern District of New York, therefore, appears to be a more convenient forum for this action.

Accordingly, in the interest of justice, and because the United States District Court for the Eastern District of New York is a proper venue for all of Plaintiff's claims, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be

4

permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 28, 2026
          New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge

5